IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TUB WORKS LLC § | |
|    *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:25-cv-01047 |
| § | |
| SHENZHEN LANNUO TECHNOLOGY § | |
| CO., LTD.; SHENZHENSHI LANNOU § | JURY TRIAL DEMANDED |
| KEJI YOUXIANGONGSI § | |
|    *Defendants.* § | |

## COMPLAINT FOR TRADEMARK, COPYRIGHT AND TRADE DRESS INFRINGEMENT

Plaintiff Tub Works LLC ("Plaintiff') asserts claims against Defendants Shenzhen Lannuo Technology Co., Ltd. and Shenzhenshi Lannou Keji Youxiangongsi ("Defendants") for trademark infringement under federal and state law, copyright infringement, trade dress infringement, injury to business reputation and/or trade marks, common law unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

PARTIES

1. Plaintiff Tub Works LLC is a limited liability company organized under the laws of the State of Delaware.

2. Defendant Shenzhen Lannuo Technology Co., Ltd. is a limited company organized under the laws of the People's Republic of China and maintains its principal office at Longgang Ave., Buji Street, Longgang Dist, C41, No. 143, Bldg A, Mingcheng Complex, Shenzhen, Guangdong, China 518112. Defendant Shenzhen Lannuo Technology Co., Ltd. is not registered to do business in California and has no registered agent for service in California. However,

Plaintiff is informed and believes that Defendant Shenzhen Lannuo Technology Co., Ltd. distributes products from California and currently does business within California.

3.  Defendant Shenzhen Lannuo Technology Co., Ltd. is a limited company organized under the laws of the People's Republic of China and maintains its principal office at Longgang Ave., Buji Street, Longgang Dist, C41, No. 143, Bldg A, Mingcheng Complex, Shenzhen, Guangdong, China 518112. Defendant Shenzhen Lannuo Technology Co., Ltd. is not registered to do business in California and has no registered agent for service in California. However, Plaintiff is informed and believes that Defendant Shenzhen Lannuo Technology Co., Ltd. distributes products from California and currently does business within California.

## JURISDICTION AND VENUE

4.  The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338.

5.  The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have deliberately directed activities to California by selling goods through Amazon to California users. Defendants also utilize California warehouses to store and distribute their infringing products as well as California ports and harbors to import their infringing products.

6.  Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c). Each Defendant is subject to personal jurisdiction in the State of California at the time this action commenced. Its contacts are substantial enough with the State of California to subject it to personal jurisdiction. Further, each Defendant committed acts within the district that give rise to this action.

//

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff has used the "Bath Color Fizzies" trademark (the "US LEGAL trademark") since 2023.

8. Plaintiff is the lawful owner of US Registration Number 7,393,724, registered May 21, 20224, for the U.S. LEGAL mark for: tablets used to dye bath water with various colors and hues in Class 3.

9. For nearly 10 years, Plaintiff has developed a number of proprietary products and services and has continuously maintained exclusive rights over the US LEGAL trademark since at least 2023. Plaintiff currently sells in almost every state.

10. Plaintiff has invested thousands of dollars in promoting goods and services associated with the US LEGAL trademark throughout the United States.

11. The US LEGAL trademark is highly distinctive.

12. The US LEGAL trademark and the goodwill associated with it have become valuable assets of Plaintiff.

13. Plaintiff's goods' packaging, registered under Federal Copyright numbers 2-419-106 and 2-419-109, features a distinctive combination of elements that serve to identify and distinguish Plaintiff's goods from those others and to indicate the source of Plaintiff's goods, namely:

    a. The use of unique and identifiable colors of Plaintiff's bath products

    b. The use of certain shapes and phraseology on its packaging;

    c. The use of particular words that, in conjunction with the underlying images and package design, that communicate to the purchaser that the source of the goods is Plaintiff (collectively, the "Trade Dress").

14. Upon information and belief, each Defendant has infringed upon and has used the US LEGAL trademark without express authorization from Plaintiff. Upon information and belief, as of the date of the filing of this complaint, each Defendant still infringes upon and uses the US LEGAL trademark without express authorization.

15. Upon information and belief, each Defendant has used the US LEGAL trademark in connection with products and services in a manner that creates a likelihood of confusion. Further, upon information and belief, each Defendant does business within states where Plaintiff also does business. Upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of the US LEGAL trademark will cause additional confusion in the marketplace as to the source of the goods and services sold by Plaintiff and each Defendant. The overlap in services and customers and the confusingly similar names and marks are likely to cause confusion.

## CLAIM ONE

### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

16. As described in this Complaint, each Defendant has infringed upon Plaintiff's registered trademark in interstate commerce by various acts, including, without limitation, the adoption of the mark and the sale and advertisement of bath products in connection with the infringing mark.

17. Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

18. Each Defendant has adopted and used the infringing marks in connection with Bath products with constructive notice of the Plaintiffs registration under 15 U.S.C.

§ 1072.

19. By engaging in the complained-of conduct, each Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark to its website and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. § 1114.

20. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM TWO

### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

21. As described in this Complaint, each Defendant has infringed upon Plaintiffs common law rights to its trademark and trade name. Plaintiff is the senior user of the mark US LEGAL. A likelihood of confusion exists between Plaintiff s mark and each Defendant's mark.

22. Each Defendant's infringement of Plaintiffs common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

23. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM THREE

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

24. As described in this Complaint, each Defendant's adoption and use of the

infringing marks and domain name constitute a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. §1125(a).

25. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM FOUR

### INJURY TO BUSINESS REPUTATION OR TRADE MARKS

26. As described in this Complaint, each Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff s common law trade marks.

27. The actions of each Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff s proprietary trade marks in violation of California Business and Professions Code § 14245.

## CLAIM FIVE

### COMMON LAW UNFAIR COMPETITION

28. The above actions of each Defendant are a form of unfair competition that is prohibited under the common law of the State of California. Plaintiff has been damaged by this misconduct in an amount to be determined at trial.

//

//

//

//

## CLAIM SIX

## COMMON LAW INFRINGEMENT OF PLAINTIFF'S TRADE DRESS

29. Plaintiff's Trade Dress is non-functional and is inherently distinctive or has acquired secondary meaning through its extensive, exclusive use by Plaintiff and its association by purchasers with Plaintiff's goods.

30. Plaintiff has continuously used the Trade Dress in commerce in connection with Plaintiff's goods since at least 2023, and, accordingly, has established common law trade dress rights in the Trade Dress.

31. Defendant's unauthorized use in commerce of the Trade Dress constitutes infringement of Plaintiff's common law trade dress rights, misappropriates the valuable goodwill developed by Plaintiff in the Trade Dress, and is likely to cause confusion among the relevant consuming public.

32. Defendant was, or should have been, aware of Plaintiff's use of and corresponding rights in the Trade Dress. Defendant's acts aforesaid, including incorporating trade dress in the packaging of its goods that is identical or, at least, confusingly similar to Plaintiff's Trade Dress for identical or substantially similar goods, constitutes willful infringement of Plaintiff's rights in the Trade Dress.

33. Defendant's acts of willful infringement of Plaintiff's rights in the Trade Dress have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's business, and to the goodwill and reputation of Plaintiff in an amount that cannot be ascertained at this time, leaving Plaintiff no adequate remedy at law.

34. Defendant's acts are the proximate cause of such injury and damage.

35. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

CLAIM SEVEN

COPYRIGHT INFRINGMENT

36. Plaintiff's goods' packaging is an original, independently created, and creative work and is copyrightable under United States law.

37. Plaintiff is the sole owner of the copyrights in the packaging and has applied and paid the fee for registration of its packaging with the United States Copyright Office.

38. Plaintiff's goods were widely disseminated prior to Defendant's creation of the its infringing packaging such that Defendant had access to Plaintiff's goods' packaging.

39. Defendant's packaging contains specific similarities to the elements of Plaintiff's goods' packaging including similarities in colors used, similar descriptors and similar design features.

40. Because of Defendant's access to Plaintiff's goods' packaging and because of the substantial similarity between Defendant's packaging and Plaintiff's goods' packaging, Defendant must have and did copy the Plaintiff's goods' packaging and, therefore, has infringed and continues to infringe Plaintiff's copyright in Plaintiff's goods' packaging.

41. Defendant was, or should have been, aware of Plaintiff's copyright in Plaintiff's goods' packaging. Defendant's acts aforesaid, including its unauthorized copying of the

Plaintiff's goods' packaging through its creation of its packaging, constitutes willful infringement of Plaintiff's copyright in Plaintiff's goods' packaging.

42. Defendant's willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

43. Defendant's acts are the proximate cause of such injury and damage.

44. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and anyone acting in concert with Defendant, to restrain further acts of infringement and, after trial, to recover any damages proven to have been caused by reason of Defendant's aforesaid acts, and to recover enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts.

## INJUNCTIVE RELIEF

45. Plaintiff seeks permanent injunctive relief pursuant to California common law California Business and Professions Code § 14247.

46. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by each Defendant because Plaintiff s business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of each Defendant complained of above are enjoined because each Defendant's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

//

## JURY DEMAND

47. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays that after due proceedings, the Court:

1. enter judgment against Defendants on all claims;

2. award damages against Defendants and in favor of Plaintiff;

3. enter a permanent injunction restraining each Defendant, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademarks and domain names in connection with its business; and

4. grant to Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ John Gibson
John Gibson
Attorney at Law
State Bar No. 246469
(949) 579-2810
Law Offices of John Gibson PC
668 N Coast Hwy #226
Laguna Beach, California 92651

ATTORNEY FOR PLAINTIFF
TUB WORKS LLC